**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
WALTER ANDERSON,

                     Plaintiff,

          -against-

PHOENIX BEVERAGE INC.,

                     Defendant.
-----------------------------------------------------------------x

**MEMORADNUM AND ORDER**
12-CV-1055 (DLI) (RML)

**DORA L. IRIZARRY, United States District Judge:**

This order assumes familiarity with the underlying facts of this case and is written for the benefit of the parties. The Court will briefly recite the facts pertinent to the instant motion. At a November 19, 2014 conference, the Honorable Robert M. Levy, United States Magistrate Judge, denied defendant Phoenix Beverages, Inc.'s ("Defendant" or "Phoenix") request to limit the scope of questioning in upcoming depositions. (*See* November 19, 2014 Transcript, Docket Entry 60, at 18.) On December 3, 2014, pursuant to Federal Rule of Civil Procedure ("FRCP") 72(a), Defendant appealed magistrate judge's November 19, 2014 ruling, alleging that the magistrate judge had committed reversible error and this Court should grant summary judgment in Defendant's favor. (*See generally* Defendant's Objections to Magistrate Judge Levy's Denial of Defendant's Motion to Limit the Scope of Deposition Questioning ("Def. Obj." or "Objections"), Docket Entry 61.) Defendant contends that a prior arbitration decision, adverse to Plaintiff, had a preclusive effect on the scope of Plaintiff's deposition questioning by reason of collateral estoppel. (*See id.* at 1.)

On December 5, 2014, plaintiff Walter L. Anderson ("Plaintiff") opposed Defendant's objections, contending they were frivolous in light of the applicable law and should be dismissed summarily. (*See generally* Plaintiff's Letter in Response to Defendant's Objections ("Pl.

Resp."), Docket Entry 63.) On December 8, 2014, Defendant submitted a reply to Plaintiff's letter, reiterating the alleged merits of its motion and requests that the Court grant Defendant summary judgment *sua sponte*. (*See generally* Defendant's Letter in Response to Plaintiff's December 5, 2014 Letter, Docket Entry 65.) On December 9, 2014, Plaintiff submitted a sur-reply in order to correct a purported misrepresentation made by Defendant regarding when Defendant first raised the basis of its current objections.[1] (*See generally* Plaintiff's Letter in Response to Defendant's December 8, 2014 Letter, Docket Entry 66.) Lastly, on December 10, 2014, Defendant filed a letter contesting Plaintiff's characterization about the supposed misrepresentation. (*See generally* Defendant's Letter in Response to Plaintiff's December 10, 2014 Letter, Docket Entry 67.) For the reasons set forth below, the magistrate judge's denial of Defendant's motion to limit the scope of deposition questioning is affirmed and Defendant's request that it either be granted summary judgment *sua sponte* or be allowed to move for summary judgment at this juncture is denied in its entirety.

## DISCUSSION

### I.     Defendant's Request for Summary Judgment is Premature

Defendant appeals the magistrate judge's ruling pursuant to FRCP 72(a), which permits an appeal of a magistrate judge's pretrial order in a non-dispositive matter, requesting, in part, that the Court "grant Phoenix summary judgment on the state of the current record or permit Phoenix to so move now." (Def. Obj. at 18.) Such a request is not proper pursuant to Rule 72(a), but instead is more accurately characterized as a pre-deposition motion for summary

---

[1] Sur-replies are not permitted without leave of the Court and Plaintiff never sought the Court's permission before filing its sur-reply. Defendant compounded the error by responding without leave of the Court. Plaintiff certainly was able to make the arguments raised in the sur-reply in his opposition to the appeal. While the Court will not strike these improper filings at this time, the Court notes that, throughout the litigation of this case, and certainly in this appeal, the parties have jabbed at each other back and forth in a way that is unprofessional, obfuscates the issues and wastes court resources. The parties are advised to desist in this practice as continuing to do so may well result in the imposition of sanctions on both parties.

judgment pursuant to FRCP 56. As Plaintiff notes, "Rather than set aside or modify Judge Levy's denial of Defendant's motion regarding the scope of the deposition questioning, as the title of Defendant['s] Objections suggests, Defendant requests that this Court dismiss the action pursuant to *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), a case never mentioned in the underlying motion or in the extensive oral argument." (Pl. Resp. at 2.)

The Second Circuit has made clear that "summary judgment should be granted only "if *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Hellstrom v. U.S. Dep't. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citing *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (emphasis in original). It is important that "[t]he nonmoving party [] have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Hellstrom Trebor*, 201 F.3d at 97 (quoting *Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom Trebor*, 201 F.3d at 97 (citations omitted).

This Court previously denied Defendant permission to file a pre-discovery motion for summary judgment, but did grant Defendant leave to move for summary judgment upon the completion of discovery. (*See* April 19, 2013 Minute Entry.) In light of the Second Circuit's admonition regarding summary judgment and the unchanged facts in this case, the Court finds no reason to alter its decision. The Court takes special notice of the magistrate judge's finding that "the requested depositions would be relevant . . . [and] particularly necessary in a situation like this." (*See* November 19, 2014 Transcript, at 18.) Accordingly, Defendant's request for summary judgment or leave to file a pre-discovery motion for summary judgment is denied.

## II. The Magistrate Judge's Ruling Was Neither Clearly Erroneous Nor Contrary to Law

For the first time on appeal, Defendant requests that the Court not permit the depositions to go forward at all. (Def. Obj. at 18.) This was not the request made before the magistrate judge. Instead, the arguments before the magistrate judge concerned the scope of certain deposition testimony related to employment racial discrimination claims, which Plaintiff did not raise in the prior arbitration, or in the arbitration proceeding itself. Defendant claims that Plaintiff may not challenge the arbitration decision, and, therefore, Plaintiff is not entitled to discovery regarding the arbitration. (Def. Obj. at 8.) Defendant also contends that because Plaintiff did not raise the racial discrimination claims during the arbitration, Defendant is entitled summary judgment as of right. (*Id.* at 13-14.) Both parties argued their respective positions based on their reading of *Collins v. New York Transit Authority*, 305 F.3d 113 (2d Cir. 2002), in both written submissions and at the November 19, 2014 conference.

Now, for the first time, Defendant asserts that *Collins* is no longer dispositive or relevant to the facts of this case, and premises its argument squarely upon *14 Penn Plaza*, which the Supreme Court decided in 2009. (*See* Def. Obj. at 13.) This is inconsistent with the submissions Defendant made prior to its current appeal. Those submissions relied primarily on *Collins*, and, in fact, Defendant made no mention of *14 Penn Plaza* at the November 19, 2014 conference. (*See generally* November 19, 2014 Transcript.) Moreover, the magistrate judge, when delivering his oral decision at the conference, described each party's interpretation of *Collins* and offered his analysis of how *Collins* impacts discovery, but he never mentioned *14 Penn Plaza*. (*See id.* at 18.) It is clear from the record that the application of *Collins* was the focal point of both parties' argument before the magistrate judge.

Courts generally do not entertain new legal arguments not presented to the magistrate judge. *See Storms v. United States*, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *Bell v. Pfizer*, 2006 WL 2529762, at *1 (S.D.N.Y. August 29, 2006))); *Baird v. Clay Cnty. Dev. Corp.*, 2008 WL 4999252, at *2 (S.D.W.Va. Nov. 20, 2008) ("The district court's Rule 72(a) review is further limited in that issues not raised before the magistrate should not be considered."); *see also Rosello v. Barnhart*, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004) (finding plaintiff's objection "untimely as Plaintiff did not raise the claim before [the] Magistrate Judge"). Plaintiff justifiably opposes Defendant's attempt to raise a new argument on appeal that was not before the magistrate judge. Accordingly, the Court will not entertain Defendant's objections premised upon *14 Penn Plaza*.

The Court will consider the more limited request Defendant actually put the before magistrate judge, which was to limit the scope of Plaintiff's questioning at the upcoming depositions. As noted, FRCP 72(a) is an appeal of a magistrate judge's pretrial order in a nondispositive matter, such as a discovery dispute, in which the district court must consider and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'" *Storms*, 2014 WL 3547016, at *4 (quoting *McNamee v. Clemens*, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014)).

At the November 19, 2014 conference, the magistrate judge ruled that the governing standard regarding the permissible scope of questioning in a deposition is FRCP 26(b), and rejected Defendant's argument that *Collins* limited the scope of discovery. (*See* November 19, 2014 Transcript, at 18.) Rule 26(b) provides, in pertinent part: "For good cause, the court may

5

order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). In light of this rule, the magistrate judge reasoned that *Collins* did not limit discovery and, instead, specifically permitted discovery in order to allow a plaintiff to uncover new evidence or evidence of a biased arbitration panel. (*See* November 19, 2014 Transcript, at 18.)

The magistrate judge's holding was neither clearly erroneous nor contrary to law. In *Collins,* defendants moved for summary judgment after years of discovery, and prevailed after plaintiff was unable to submit evidence to overcome the presumption in favor of a full and fair arbitration proceeding. *See Collins*, 305 F.3d at 119. The *Collins* court held that, "Where, as here, that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact -- e.g. new evidence not before the tribunal -- or that the impartiality of the proceeding was somehow compromised." *See id.* If a plaintiff cannot show either new evidence not before the arbitrator or that the arbitration was not fair, then a strong presumption exists in favor of the arbitration ruling. *See id.* This holding does not require a court to bar the very discovery a plaintiff needs possibly to uncover these facts. Defendant is free to make its arguments regarding the underlying merits of Plaintiff's claim in its motion for summary judgment after discovery is completed.

## CONCLUSION

For the reasons set forth above, the magistrate judge's November 19, 2014 ruling is affirmed in its entirety, and Defendant's request that the Court either *sua sponte* grant Defendant summary judgment or grant it leave to file a summary judgment motion at this time is denied.

SO ORDERED.

Dated: Brooklyn, New York
February 20, 2015

/s/
DORA L. IRIZARRY
United States District Judge