UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WALTER L. ANDERSON,

                Plaintiff,

     -against-

PHEONIX BEVERAGES, INC.,

                Defendants.
----------------------------------------------------------------x

**MEMORDANUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**
12-CV-1055 (DLI)(ST)

**DORA L. IRIZARRY, Chief United States District Judge:**

      Plaintiff Walter L. Anderson ("Plaintiff") brought this action against his former employer, Phoenix Beverages, Inc., ("Defendant") on February 27, 2012. *See generally* Compl. ("Complaint"), Dkt. Entry No. 1. Plaintiff amended his complaint on March 25, 2013 and alleges the following: a hostile work environment, employment discrimination based upon race, and retaliation for protected activities, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Dkt. No. 25 ("Am. Compl." or the "Amended Complaint"). Following the completion of discovery, Defendant moved for summary judgment on all three claims on April 15, 2016. See Dkt. No. 81. On May 9, 2016, Defendant filed a motion for sanctions against Plaintiff. Dkt. No. 89.

      On November 23, 2016, the Court referred Defendants' motions to the Honorable Steven L. Tiscione, U.S. Magistrate Judge for a Report and Recommendation ("R&R"). The Magistrate Judge issued his thorough and well-reasoned R&R on July 17, 2017, recommending that Defendants' motion for summary judgment be granted in part and denied in part. *See generally* R&R, Dkt. Entry No. 108. Specifically, the Magistrate Judge recommended that summary judgment be denied as to Plaintiff's hostile work environment claim and granted as to his racial

discrimination and retaliation claims. R&R at 25-32, 32-50. The Magistrate Judge further recommended that the motion for sanctions filed by Defendant be denied. R&R at 50-54.

Defendant timely objected to the portion of the R&R recommending Defendant's motion that recommended summary judgment as to Plaintiff's hostile work environment claim be denied. *See* R&R at 25-32; Def.'s Objections to R&R ("Def.'s Objs."), Dkt. Entry No. 110, at 12-20. Plaintiff also timely objected as to the portions of the R&R that granted summary judgment to Defendant as to his racial discrimination and retaliation claims. Defendant opposed Plaintiff's objections. *See* Def.'s Mem. of Law in Opp'n to Pl's.' Objection to the R&R ("Def.'s Resp."), Dkt. Entry No. 111. Plaintiff filed a reply to Defendant's opposition. *See* Pl.'s reply to Def.'s Mem. of Law in Opp'n to Pl's.' Partial Objection to the R&R ("Pl.'s Reply"), Dkt. Entry No. 112.

For the reasons set forth below, both Plaintiff's and Defendant's objections are overruled, and the R&R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Where a party does not object to a portion of the R&R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). Additionally, pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations

---

[1] The Court assumes the parties' familiarity with the facts as set out in the R&R. *See* R&R at 2-17.

and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Further, to preserve the significance of the Magistrate Judge's evaluation, the court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the Magistrate Judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

A.  **Plaintiff's Hostile Work Environment Claim**

Defendant has two principle objections to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be denied as to Plaintiff's hostile work environment. First, Defendant argues that the basis of this claim is so insufficient and implausible that no reasonable jury could believe these claims. Def.'s Objs. at 3-8. Second, Defendant makes an almost entirely new argument that each of the alleged incidents that form the basis of this claim took place outside of the 300-day period for filing a charge with the EEOC. *Id.* at 8-10. The Court will address each of these arguments in turn.

3

### 1. A Reasonable Jury Could Believe Plaintiff's Hostile Environment Claim

In recommending denial of summary judgment to Defendant, the Magistrate Judge found that a reasonable jury could conclude that Plaintiff viewed his work environment as subjectively hostile and abusive and that the conduct complained of created an objectively hostile or abusive environment based on Plaintiff's race. *See* R&R at 28. In addition to the allegation that Plaintiff was given janitorial work outside of his job responsibilities because of his race, the Magistrate Judge noted in particular that Plaintiff's supervisors allegedly called him "nigger" or "boy" on numerous occasions. *Id.* at 5. As the Second Circuit has observed, "[p]erhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates." *Rivera v. Rochester Genesee Regional Transp. Auth.*, 743 F.3d 11, 22 n.5 ((2d Cir. 2014) (quoting *Rodgers v. W.-S. Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993)).

Defendant objects that the "primary basis" for the Magistrate Judge's finding is Plaintiff's "own self-serving Affidavit" which contains "fabrications" that "are not worthy of belief." Def.'s Objs. at 2. Defendant's objection is overruled.

First, while the Magistrate Judge did cite the allegations made in Plaintiff's affidavit, he also emphasized that other witnesses mentioned "street talk" and the use of derogatory racial slurs in the work environment, including by some of the same supervisors that Plaintiff alleged used this language. R&R at 8-9. Some of these witnesses also mentioned the use of the word "nigger" and the use of the word "boy" directed at Plaintiff (an African-American man).[2] R&R at 8, 30.

---

2     As the R&R states:

> Mr. Beltre states in his affidavit that there were "[m]any times" he observed Mr. Cassano "use derogatory racial terms in the workplace," including referring to African-American employees as "niggers," and that he heard Mr. Guttman call

4

Second, as the Magistrate Judge correctly states, determining whether or not the Plaintiff is a credible witness is not the Court's role at the summary judgment stage. R&R at 2 *citing Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150 (2000) (upon motion for summary judgment, "'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'"). Such credibility determinations are for a jury to make.

Accordingly, the Court concurs with the Magistrate Judge that a reasonable jury could conclude, after making their own credibility determinations, that under the totality of the circumstances, Plaintiff established that he faced a hostile work environment based on his race.

### 2. Plaintiff's Claims Are Not Time Barred by the 300-Day EEOC Limitation Period

Under Title VII, a plaintiff must file a charge of discrimination with the EEOC or state agency within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1)); *Nat'l R.R. Passenger Corp. v. Morgan*, 536. U.S. 101, 101 (2002). Here Defendant argues that "every claim of a racial slur or racial discrimination or retaliation in Plaintiff's 2013 Amended Complaint took place outside of the 300 day filing period for filing a charge with the EEOC, except only for Plaintiff's racial discharge claim on November 8, 2008." Def's Objs. at 11. This claim is not addressed in the R&R because it was not properly raised in Defendant's motion for summary judgment. Defendant made a *pro forma* mention of this defense at the pleading stage. *See* Answer

---

African-American employees "boy." Beltre Aff. ¶¶ 8, 12; see also Ruiz Tr. at 66:22-68:17 (testifying that Mr. Guttman admitted calling Mr. Anderson "boy"). Mr. Guttman acknowledged that employees would say the "N word, F word, you know, cursing stuff," though he personally would not. Guttman Tr. at 110:12-111:22. Finally, when asked about "racial bias in the workplace," Mr. Perdue testified about "an environment where you got a bunch of ex-offenders and ghetto people that use that language on a day-to-day basis." Perdue Tr. at 62:15-22; see also *id.* at 55:18-56:25 (testifying that Mr. Leone once called him "nigger" in Spanish).

R&R at 30.

to Am. Comp. ¶ 95, Dkt. Entry No. 33. However, in its summary judgment papers, Defendant's sole reference to the 300-day argument was a sentence in its Statement of Facts. *See* Memo. in Supp. of Def. Phoenix Beverages Mot. For Summ. J. 16, ECF No. 81-1. As Plaintiff notes, "Defendant did not address the issue in its Argument section, Reply papers, the two-plus hour oral argument on April 13, 2017, or its post-oral argument submission." Pl.'s Reply at 8.

When a Magistrate Judge hears a dispositive motion, the litigants cannot add new arguments at subsequent stages of the proceedings. *See Kennedy v. Adamo*, No. 02-cv-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal citations omitted), *aff'd*, 323 Fed. Appx. 34 (2d Cir. 2009) (summary order); *see also Zaza*, 2017 WL 1076327, at * 2 (the Court "will not consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the Magistrate Judge in the first instance."). To allow a party to do so would frustrate the role that the Magistrate Judge plays in assuming some of the burden of the Federal Judiciary's burgeoning caseload. *Wesley v. Alexander*, No. 99-cv-2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005). Therefore, Defendant has waived this argument by failing to properly present it to the Magistrate Judge. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, (1982) (holding that 300-day filing period is "subject to waiver as well as tolling when equity so requires"); *Zaza v. American Airlines*, No. 14-cv-4046, 2017 WL 1076327, at * 2 (E.D.N.Y. Mar. 22, 2017); *Wesley*, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005).

Even if Defendant had raised this argument properly, it would have failed. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 3, 2009, 217 days after October 29, 2008, the day a supervisor allegedly made racially derogatory statements to him. *See* Affirmation of Plaintiff Walter L. Anderson, Dkt. 81-4 ("Anderson Aff.") at ¶¶ 37, 56. Defendant contends that, in light of the Magistrate Judge's skepticism as to the

viability of Plaintiff's claim that his discharge was the result of racial discrimination, the October 29th comments should be disregarded for the purpose of the 300-day period. As described below, the Magistrate Judge correctly rejects Plaintiff's retaliation and racial discrimination claims because Plaintiff's discharge was too remote from the alleged comments to survive summary judgment. *See infra* at 8-9. Nevertheless, these derogatory comments constitute an alleged incident that occurred within the 300-day period. As the Second Circuit has held, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *McGullam v Cedar Graphics*, Inc., 609 F3d 70, 75 (2d Cir. 2014) (quoting *Nat'l R.R. Passenger Corp*, 536 U.S. 101, 105 (2002)). This alleged October 29th incident, along with allegations outside the time period, is sufficient to satisfy the 300-day period.

**B.  Plaintiff's Racial Discrimination and Retaliation Claims**

As the Magistrate Judge correctly noted, among the elements required for a *prima facie* case of unlawful racial discrimination is that the adverse action occurred under circumstances giving rise to an inference of discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *McDonnell Douglas. Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). The Magistrate Judge found that the Plaintiff was unable to establish a nexus between alleged racial remarks and his discharge. Plaintiff objects that in doing so, the Magistrate Judge "misapplies the Second Circuit's 'stray remark' line of cases" and minimized and ignored record evidence from which a reasonable jury could infer that his termination was motivated by racial animus. Pl.'s Objs. at 2.

The purpose of the Second Circuit's stray remarks standard is to determine how "remote and oblique the remarks are in relation to the employer's adverse action." *Tomassi v. Insignia Fin.*

*Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007). Courts have utilized the following factors to determine whether a certain comment was a "stray remark":

> (1) who made the remark, *i.e.*, a decisionmaker, a supervisor, or a low-level coworker; (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark, *i.e.*, whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, *i.e.*, whether it was related to the decision making process.

*Silver v. N. Shore Univ. Hosp.*, 490 F. Supp.2d 354, 363 (S.D.N.Y. 2007)

As the R&R covers in detail, the only racially discriminatory comments that were directed toward the Plaintiff himself were made by subordinate individuals who were not responsible for the decision to terminate him. R&R at 36. Additionally, nearly all of the specific instances of alleged racial abuse were significantly attenuated in time before the Plaintiff's termination.[3] *Id.* at 37. Finally, the alleged remarks themselves, while hurtful and odious, were not related to the termination decision. *See R&R at 36 citing Del Franco v. New York City Off-Track Betting Corp.*, 429 F. Supp.2d 529, 537 (E.D.N.Y. 2006), *aff'd*, 245 F. App'x 42 (2d Cir. 2007) (summary order). Therefore, the Magistrate Judge correctly applied the stray remarks standard.

Additionally, the Magistrate Judge correctly determined that there was no nexus between the Plaintiff's termination and any racial remarks. As this Court has noted previously, "[t]o defeat an employer's motion for summary judgment at this stage, therefore, the plaintiff must demonstrate that there is a material issue of fact as to whether (i) the employer's asserted reason for discharge is false or unworthy of belief, and (ii) it is more likely than not that plaintiff's race was the real reason for the discharge." *Rommage v. MTA Long Island Rail Rd.*, 2010 WL 4038754 at *8 (E.D.N.Y. Sept. 30, 2010) 452 F. App'x 70 (2d Cir. 2012) (*aff'd* on different grounds). Here, the

---

[3] The one exception being the alleged October 29, 2008 comments that were made by an individual without any authority to discharge the Plaintiff. *See* R&R at 38, n. 16.

8

employer's asserted reason for discharge is not unworthy of belief and the circumstances do not make it more likely than not that race was the reason for Plaintiff's discharge.

After a substantial process, an arbitrator found that Plaintiff's termination was justified because he caused a work stoppage. R&R at 34. At that arbitration, Plaintiff raised no arguments about racial discrimination or unlawful retaliation. *Id.* Plaintiff argues that the Magistrate Judge gave undue weight to the arbitrator's decision, but the Second Circuit clearly has established that such decisions, under similar circumstances, are to be considered. *See Collins v. New York City Transit Auth.*, 305 F.3d 113, 115, 119 (2d. Cir. 2002)) ("In sum, a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee. However, a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link."). As this Court explained in *Rommage*, numerous courts in this Circuit have accorded weight to arbitral decisions in situations where, for whatever reason, no evidence of discrimination (or retaliation) was raised at the arbitration. *Rommage*, 2010 WL 4038754, at *8 (E.D.N.Y. Sept. 30, 2010). The R&R thoroughly examined the circumstances of the arbitration and its findings and did not simply summarily adopt its conclusions. R&R at 43. This Court agrees that the circumstances and result of the arbitration attenuate the required casual connection between the alleged racial remarks and the discharge. As further persuasive evidence that defendant had a legitimate nondiscriminatory reason to terminate the Plaintiff, Defendant produced evidence that where two white employees caused work stoppages, the arbitrator similarly had concluded that Defendant had cause to terminate them. R&R at 34.

Accordingly, the Court concurs with the Magistrate Judge that no reasonable juror could find that the Plaintiff's termination was the result of racial discrimination or retaliation.

## C. Defendant's Motion for Sanctions

As noted above, Defendants do not object to the Magistrate Judge's recommendation that their motion for sanctions be denied. *See generally* Def.'s Objs. Therefore, finding no clear error, that portion of the R&R is adopted in its entirety.

## **CONCLUSION**

Upon due consideration and *de novo* review, as discussed above, Defendant's and Plaintiff's objections to the R&R are overruled. As to those portions of the R&R to which the parties do not object, the Court finds no clear error. Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's racial discrimination and retaliation claims, which are dismissed, and denied as to Plaintiff's hostile environment claim, and Defendant's motion for sanctions is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge