LINCOLN SQUARE LEGAL SERVICES, INC.

| Fordham University School of Law | Tel 212-636-6934 |
| 150 West 62nd Street, Ninth Floor | Fax 212-636-6923 |
| New York, NY 10023 | |

December 15, 2017

**VIA ELECTRONIC FILING**
Hon. Magistrate Steven Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Anderson v. Phoenix Beverages, Inc.*, Docket No. 12-cv-1055 (DLI)(ST)

Dear Judge Tiscione:

We represent the Plaintiff, Mr. Walter Anderson, in the above-captioned matter. The Court ordered the parties to submit a stipulation of dismissal by today. Unfortunately, the parties cannot file a stipulation of dismissal today due to an impasse as to how the Court's recommended settlement amount of $80,000.00 should be categorized for tax withholding purposes.

There is no dispute that the proceeds are subject to federal, state and local income taxes. However, in addition to income tax, Phoenix has asserted that the settlement proceeds should be identified as wages, and thus subject to FICA and Medicare taxes (6.2% and 1.45%, respectively) (hereafter, "FICA withholding"), which Phoenix has insisted on withholding from the payment to Mr. Anderson. Phoenix has provided no authority for this position.

The settlement proceeds cannot be wages. In its Decision and Order of September 30, 2017, the Court dismissed Mr. Anderson's claims that would have allowed for back pay (*i.e.*, wages). Mr. Anderson was paid up to the day of his termination, and the Court has found he was not unlawfully terminated. Without a claim that he was unlawfully fired, Mr. Anderson cannot seek back wages, and instead is only entitled to compensation for the alleged emotional distress he suffered due to the alleged hostile work environment ("HWE") at Phoenix. Defendant argued this point forcefully at the settlement conference, and it is uncontested. Equally undisputed is that this settlement is to avoid a trial on the HWE claim—*i.e.*, a non-back wages claim.

Emotional distress/harm damages are not wages, and as such are not subject to FICA withholding. *See, e.g.*, IRS Technical Advice Memorandum No. 200244004, 2002 WL 31440838 (advising that a portion of a settlement reasonably allocated by the parties as compensation for emotional distress is not subject to FICA withholding, and that whether an allocation is reasonable depends on "the underlying realities of the claim"). Here, The Court's Decision and Order, which dismisses any claim that Mr. Anderson would have had for back wages, is an objective, definitive factor that removes any reasonable doubt that taxing authorities would incorrectly view the settlement proceeds to be wages.

Improperly characterizing the settlement as subject to FICA withholding would have a substantial impact on Mr. Anderson; it would unnecessarily reduce his recovery by 7.65% or $6,120.00.  In addition, if Mr. Anderson were to agree to the withholding or insert language indicating his disagreement with Phoenix's characterization of the settlement, he would be creating compelling evidence that the settlement proceeds were wages, which the objective evidence otherwise shows they are not, and the IRS would likely deny any later request for a refund.  *See Agar v. Commissioner*, 290 F.2d 283, 284 (2d Cir. 1961) (holding that the key inquiry in evaluating the authenticity of a settlement allocation is the employer's intent when it paid the settlement); *see also Robinson v. Commissioner*, 102 T.C. 116, 127 *rev'd in part on other grounds*, 70 F.3d 34 (5th Cir. 1995), *cert. denied*, 519 U.S. 824 (1996) (stating that the allocation in a settlement agreement is generally binding for tax purposes, given that it was entered into by the parties in an adversarial context, at arm's length, and in good faith).  There is some indication that an independent review of an award allocation by the Court can also ensure that it is not unduly influenced by the wishes of one party.  *See Robinson*, 102 T.C. at 129.

Finally, under Phoenix's version of the stipulation, Mr. Anderson would be agreeing to pay FUTA (federal unemployment taxes), which is not the law (employers, not employees, pay FUTA).  This mistake highlights that Phoenix is pushing a tax position that lacks basis in the law.

Phoenix's counsel has informed me this afternoon that another matter has required his attention today and through the weekend, and he requests until Wednesday to submit his response to our letter.  We consent to his request.

The Court's having moved the parties towards agreement on the larger issue of the settlement amount gives Mr. Anderson the confidence that the Court could be of assistance on this final issue.  Otherwise, Mr. Anderson is prepared to begin work on the Pre-Trial Order, which is due on February 15, 2018.  We thank the Court for its patience and attention to this matter.

Respectfully,

Michael W. Martin, Esq.
LINCOLN SQUARE LEGAL SERVICES, INC.
150 West 62nd Street, 9th Fl.
New York, NY 10023
*Attorney for Plaintiff*

cc:
[via e-mail and ECF]
Eugene T. D'Ablemont
Robert Crotty
*Attorney for Defendant*